IN THE UNITED STATE DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION

| | | |
|---|---|---|
| LARRY WOODLEY | § | |
| | § | |
| VS. | § | CIVIL ACTION NO.2:12- cv - 197 |
| | § | |
| | § | |
| LOWE'S HOME CENTERS, INC. | § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

COMES NOW, LARRY WOODLEY, hereinafter referred to as Plaintiff and makes and files this his Original Complaint complaining of LOWE'S HOME CENTERS INCORPORATED, hereinafter referred to as Defendant or Lowe's and for causes of action would respectfully show the Court and Jury as follows:

### PARTIES

1. The Plaintiff, LARRY WOODLEY is an adult resident of Elysian Fields, Harrison County, Texas.

2. The Defendant, LOWE'S HOME CENTERS INC. is a North Carolina corporation with its principal place of business in North Carolina, doing business in the State of Texas and may be served with process upon it's registered agent for service of process, Lowe's Home Centers Incorporated Corporation Service Company d/b/a c/s/c Lawyers Incorporating Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.

## JURISDICTION AND VENUE

3. A complete diversity of citizenship exists between the parties, and the matter in controversy exceeds the sum of $75,000.00, exclusive of costs and interest. The Court therefore has jurisdiction under 28 USC § 1332.

4. The calamity giving rise to Plaintiff's cause of action occurred in Harrison County, in the Eastern District of Texas, Marshall Division and your Plaintiff resides in Harrison County as well. Therefore, venue is proper in the Marshall Division of The Eastern District of Texas in accordance with 28 U.S.C. 1391(a)(2).

## FACTS

5. The calamity giving rise to Plaintiff's cause of action occurred on or about May 15, 2011, in Harrison County, Texas. The Plaintiff LARRY WOODLEY had purchased a large appliance from the Defendant and was helping a Lowe's employee load it into Plaintiff's truck when the Lowe's employee suddenly negligently and carelessly moved the appliance and pushed the Plaintiff off the truck causing him to fall to the concrete and sustain serious injuries.

## NEGLIGENCE

6. Each and every following act or omission of negligence was committed by the Defendant or its agents, servants, or employees acting within the course and scope of their employment and each constitutes negligence or negligence per se, and operated singularly or collectively to proximately cause the injuries and damages sustained by the Plaintiff as follows:

6(a) In moving the appliance in a sudden and unsafe manner.

6(b)  In failing to utilize proper loading equipment such as a fork lift which would eliminate the need for anyone to help the loading process from the bed of the pickup.

6(c)  In failing to establish safety rules which required the use of proper loading equipment which would eliminate the need for anyone to help the loading process from the bed of the pickup.

6(d)  In failing to establish safety rules which prohibit any customer from helping load appliances.

6(e)  In failing to properly train Lowe's employees in safe loading practices.

6(f)  In failing to obtain or provide additional Lowe's employees to assist in the loading process and eliminate the need for Mr. Woodley or any customer to assist in the loading.

6(g)  In failing to establish safety rules which require Lowe's employees to obtain additional properly trained Lowe's employees to assist in loading appliances.

## INJURIES AND DAMAGES

7. Your Plaintiff, LARRY WOODLEY, sustained injuries to his body which have caused him to suffer pain, mental anguish, physical impairment, and disfigurement in the past and will in reasonable probability cause him to suffer some pain, mental anguish, physical impairment, and disfigurement in the future; your Plaintiff was caused to undergo and incur medical expenses in the past and in reasonable probability into the future which were and will be reasonable in the vicinities where rendered, all to his damage in excess of $75,000.00.

8. The Plaintiff prays for pre-judgment interest on all his damages in accordance with law.

9. Plaintiff says that if at the time the accidental injuries above enumerated were sustained he was suffering from arthritis or any other disease or condition, then that

the same was not disabling but that the injuries complained of herein caused such disease or condition to become aggravated, excited or accelerated in such a way so that it also became a producing cause of Plaintiff's disabilities.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Defendant be cited in terms of law to appear and answer herein, and upon final hearing hereon, Plaintiff be granted a Judgment against this Defendant for a sum of money well in excess of $75,000.00 or such other sum as to which the Jury may seem just and fair, plus interest thereon at the legal rate until paid in full, for execution thereon, for all costs of Court for this cause incurred, and for such other and further relief to which he may show himself justly entitled.

Respectfully submitted,

LAW OFFICES OF JIM AMMERMAN II
209 W. Rusk
Marshall, Texas 75670
Tel. No. (903) 938-2398
Fax No. (903) 938-2455

By: _____
Jim Ammerman II
State Bar No. 01157700
Attorney for Plaintiffs